**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 26 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JORGE PANIAGUA-BALTAZAR, AKA Jorge Paniagua, <br><br> Petitioner, <br><br> v. <br><br> ROBERT M. WILKINSON, Acting Attorney General, <br><br> Respondent. | No. 20-70341 <br><br> Agency No. A087-990-426 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 8, 2021
San Francisco, California

Before: WARDLAW and BEA, Circuit Judges, and ROSENTHAL,[**] District
Judge.

Jorge Paniagua-Baltazar ("Paniagua"), a native and citizen of Mexico,

petitions for review of the Board of Immigration Appeals' ("BIA") final order of

removal affirming the Immigration Judge's ("IJ") denial of his application for

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Lee H. Rosenthal, Chief United States District Judge
for the Southern District of Texas, sitting by designation.

asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. Substantial evidence supports the denial of Paniagua's application for asylum and withholding of removal. Paniagua does not claim that he suffered past persecution, and he failed to establish that he has a well-founded fear of future persecution on account of any protected ground. *See* 8 U.S.C. §§ 1101(a)(42), 1158(b). The BIA properly concluded that none of Paniagua's proposed social groups are cognizable. There is no evidence that male deportees returning from the United States to Mexico with significant family ties in the United States are "perceived as a group by society" in Mexico. *Rios v. Lynch*, 807 F.3d 1123, 1127 (9th Cir. 2015) (quoting *Matter of M–E–V–G–*, 26 I. & N. Dec. 227, 240 (BIA 2014)). Moreover, Paniagua's two family-based groups, children of Jose Paniagua Vijil and immediate family members of Jose Paniagua Vijil, are not defined "in a manner sufficiently distinct that the group[s] would be recognized . . . as [] discrete class[es] of persons." *Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1091 (9th Cir. 2013) (en banc) (citation omitted). Thus, Paniagua has not shown that his proposed family-based social groups have "social visibility" or "particularity." *Id.*

Substantial evidence also supports the BIA's conclusion that Paniagua failed to establish that his fear of future harm is well-founded. Paniagua testified that his

2

stepmother, mother, paternal grandmother, two of his four siblings, and several aunts and uncles remain in the region unharmed. Paniagua has not distinguished himself from these similarly situated family members. *See Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir. 2001) ("An applicant's claim of persecution upon return is weakened, even undercut, when similarly-situated family members continue to live in the country without incident . . . ." (citations omitted)). Moreover, as the BIA found, Paniagua has failed adequately to explain why he could not relocate within Mexico. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029 (9th Cir. 2019) ("[A]n applicant 'does not have a well-founded fear of persecution if the applicant could avoid persecution by relocating to another part of the applicant's country of nationality'" (quoting 8 C.F.R. § 1208.13(b)(2)(ii))).

Because Paniagua has not established eligibility for asylum, it necessarily follows that he has not established the higher threshold of eligibility for withholding of removal. *See id*.

2. Substantial evidence supports the BIA's denial of Paniagua's application for relief under the CAT. Paniagua has not demonstrated that he will more likely than not be tortured if removed to Mexico "by, or at the instigation of, or with the consent or acquiescence of a public official acting in an official capacity or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1); *see also id.* § 1208.16(c)(2); *Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir. 2001).

Paniagua's evidence of generalized violence perpetrated by Mexican cartels is insufficient to carry his burden with respect to this claim. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (holding that, as to CAT relief, generalized evidence of violence and crime in Mexico is not particular to a petitioner and insufficient to establish that torture is more likely than not); *Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 895 (9th Cir. 2018) ("The BIA also cited case law that supported its conclusion that generalized evidence of violence and crime in Mexico is not particular to Petitioners and insufficient to meet the standard for relief under CAT.").

     **DENIED.**